### 9209.  Powell *v.* Wilkerson.

WADE, C. J. The judge of the superior court did not err in dismissing the certiorari for the reason that the petition therefor sought to review alleged error in the trial of two separate cases in a justice's court, which were alleged to have been tried together by consent. The answer of the magistrate distinctly denied that the two cases (an illegality case and a claim case) were tried by the jury by consent, alleging, to the contrary, "that plea of illegality was not tried by jury, that jury was excluded from the room during the trial of illegality and had nothing whatever to do with it," and "that counsel for plaintiff and defendant agreed to submit the claim to a jury without being tried by the

justice of the peace." The traverse to the answer alleges that "the defendant in the court below insisted upon his illegality, but passed the same to a jury to be tried and passed upon by them," but does not deny the distinct statement "that plea of illegality was not tried by jury, that jury was excluded from the room during the trial of illegality, and had nothing whatever to do with it." Something more than an inferential traverse is requisite; and while it may be inferred that perhaps the plaintiff in certiorari intended to traverse this entire statement made by the magistrate, he did not in fact explicitly deny the allegation that the jury did not consider the illegality (and hence that the two cases were not tried together); and the traverse must be strictly construed. The certiorari seeks to review two distinct cases, one of which was not submitted to the jury by consent or otherwise.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED MARCH 14, 1918.

Certiorari; from Berrien superior court—Judge Thomas. August 11, 1917.

*Hendricks, Mills & Hendricks,* for plaintiff in error.

*J. J. Murray,* contra.